Jack Garyth Poulson, Esq.
Attorney for Plaintiff
POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529
jack@poulsonwoolford.com

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA
### AT ANCHORAGE

| | |
|---|---|
| THE ESTATE OF LATROYE WILLIAMS, through its Personal Representative, Christine Romero-Barnes, and SAMANTHA ROSS, YOLANDA ROMERO and TONY SALAZAR, individually,<br><br>Plaintiffs,<br><br>v.<br><br>NEW PROVIDENCE FISHERY, LLC, *in personam*, and the F/V FLYING OCEAN, Official Number 620343, her engines, winches, gear, fishing rights and appurtenances *in rem*,<br><br>Defendants. | Case No. 3:15-CV-    (    )<br><br><br><br><br><br><br><br><br><br>**COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

Plaintiffs, the ESTATE OF LATROYE WILLIAMS, through its Personal Representative, Christine Romero-Barnes, and SAMANTHA ROSS, YOLANDA ROMERO and TONY SALAZAR, individually, through counsel, Poulson & Woolford, allege against the above named defendants as follows:

**PRELIMINARY ALLEGATIONS**
Parties, Jurisdiction and Venue

1.    On or about October 11, 2012, LaTroye Williams was lost at sea in the waters adjacent to Alaska, in or near Kodiak Island in the Gulf of Alaska.

2.    This action is based upon the Jones Act, 46 U.S.C. 30104 *et. seq.*, and general maritime law. This is an admiralty and maritime claim within the meaning of

COMPLAINT
Estate of Williams v. New Providence Fishery, et. al.
Page 1 of 5
Case 3:15-cv-00176-TMB   Document 1   Filed 09/23/15   Page 1 of 5

POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529 Fax: (907) 586-6329

Rule 9(h) of the Federal Rules of Civil Procedure. The Court has subject matter jurisdiction in admiralty pursuant to 28 U.S.C. 1333.

3. Venue is proper in this Court, which is an eligible forum within the meaning of 45 U.S.C. 56, in that defendant New Providence Fishery was conducting business in Alaska, and the actions and omissions alleged occurred in Alaska.

4. LaTroye Williams is survived by his daughter, Samantha Ross, his mother, Yolanda Romero, and his brother Tony Salazar, who are all beneficiaries of his Estate, and wrongful death beneficiaries as defined by applicable law.

5. The Estate of LaTroye Williams brings this action by and through its Personal Representative, Christine Romero-Barnes.

6. At all relevant times, defendant New Providence Fishery, LLC, an Alaska entity doing business in Alaska, owned and operated the F/V FLYING OCEAN, O.N. 620343.

7. At all relevant times, LaTroye Williams was employed by defendant New Providence Fishery as a member of the crew of the F/V FLYING OCEAN.

8. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, as to the *in rem* defendant vessel. The Court has subject matter jurisdiction in admiralty pursuant to 28 U.S.C. 1333.

9. Venue is proper in this District, in that the Vessel presently is, or during the pendency of this action will be, within the Federal Judicial District in which this action has been commenced, and the subject accident occurred in this District.

**NEGLIGENCE AND UNSEAWORTHINESS**

10. On or about October 11, 2012, LaTroye Williams was employed by New Providence Fishery aboard the F/V FLYING OCEAN, as a member of the crew.

COMPLAINT
Estate of Williams v. New Providence Fishery, et. al.
Page 2 of 5
Case 3:15-cv-00176-TMB   Document 1   Filed 09/23/15   Page 2 of 5

11. While conducting cod fishing operations, LaTroye Williams became entangled in a crab pot line and was pulled overboard. He was not rescued, and his body was not recovered.

12. The death of LaTroye Williams, and the resulting damages to plaintiffs were directly and proximately caused by the negligence of the defendants or their agents, and was within the privity and knowledge of defendant New Providence Fishery.

13. The death of LaTroye Williams, and the resulting damages to plaintiffs were directly and proximately caused by the unseaworthiness of the F/V FLYING OCEAN, which was within the privity and knowledge of defendant New Providence Fishery.

14. The negligence of defendants and/or the unseaworthiness of the vessel includes, but is not limited to: the failure of defendants or their agents to employ safe fishing methods; the failure to provide and require the use of personal flotation devices and personal emergency locator devices; the failure to provide adequate training; the failure to provide a safe workplace; the failure to provide a safe vessel, machinery and equipment; the failure to provide adequate safety and rescue equipment; the failure to effectuate a proper rescue operation; and such other conduct as may be disclosed upon further discovery.

## FIRST CAUSE OF ACTION
Wrongful Death

15. Plaintiff incorporates all of the foregoing allegations by reference.

16. As a direct and proximate result of the aforesaid negligence and unseaworthiness, LaTroye Williams died after prolonged exposure to the frigid waters of the Gulf of Alaska.

17. As a direct and proximate result of the death of LaTroye Williams, plaintiffs suffered substantial damages, including but not limited to; loss of earned and unearned wages, loss of future support and income, inheritance, funeral and memorial expenses, loss of society, loss of companionship, loss of care, comfort,

protection, services, and love and affection all to their damage in an amount in excess of the jurisdictional threshold of this Court, the exact amount to be proven at trial.

## SECOND CAUSE OF ACTION
Survival Action

18. Plaintiffs reallege and incorporate all of the foregoing allegations by reference.

19. Prior to his death, LaTroye Williams suffered extreme and severe mental fear and anxiety and physical pain during the period of time prior to being thrown into the water. Such period of suffering was followed by a substantial period of intense conscious suffering in the frigid waters of the Gulf of Alaska when LaTroye Williams was knocked overboard and eventually overcome by hypothermia and drowned.

20. As a result, plaintiffs are entitled in addition to those damages due them for wrongful death, to such recovery as may be warranted in a maritime survival action, including, but not limited to, damages for pre-death fear, anxiety, and suffering, in an amount in excess of the jurisdictional threshold of this Court, the exact amount to be proven at trial.

## THIRD CAUSE OF ACTION
Maritime Lien

21. Plaintiffs incorporate the foregoing allegations by reference.

22. The foregoing allegations create *bona fide* maritime liens against the F/V FLYING OCEAN.

23. Plaintiff is entitled to perfect said liens in this proceeding by having the vessel arrested pursuant to the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims.

WHEREFORE, plaintiffs request the following relief:

COMPLAINT
Estate of Williams v. New Providence Fishery, et. al.
Page 4 of 5
Case 3:15-cv-00176-TMB   Document 1   Filed 09/23/15   Page 4 of 5

POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529 Fax: (907) 586-6329

1. That plaintiffs recover damages under the first cause of action in an amount in excess of the jurisdictional threshold of this Court for each plaintiff, and against each defendant, the exact amount to be proven at trial.

2. That plaintiffs recover damages for pre-death anxiety, conscious pain and suffering and for death and resulting damages in an amount in excess of the jurisdictional threshold of this Court, the exact amount to be proven at trial.

3. That plaintiffs be awarded funeral expenses in an amount to be determined at the time of trial.

4. That plaintiffs be awarded appropriate punitive damages if so warranted.

5. That a warrant of arrest issue against the F/V FLYING OCEAN, her engines, tackle, winches, gear, fishing rights and appurtenances, and that all persons claiming any right, title, or interest therein be cited to appear and answer all the matters aforesaid;

6. That the F/V FLYING OCEAN, her engines, tackle, winches, gear, fishing rights and appurtenances, be condemned and sold to pay the judgment;

7. That plaintiffs be awarded prejudgment interest, costs and reasonable attorney fees incurred in prosecuting this action.

8. For further relief as the Court deems just and proper.

DATED this 22nd day of September, 2015, at Juneau, Alaska.

> POULSON & WOOLFORD
> 636 Harris Street
> Juneau, Alaska 99801
> (907) 586-6529
> jack@poulsonwoolford.com
>
> By: /s/ *Jack Poulson*
> Jack Garyth Poulson
> Alaska Bar No. 8711104
> Attorney for Plaintiff

POULSON & WOOLFORD, LLC
636 Harris Street
Juneau, Alaska 99801
(907) 586-6529 Fax: (907) 586-6329

COMPLAINT
Estate of Williams v. New Providence Fishery, et. al.
Page 5 of 5
Case 3:15-cv-00176-TMB   Document 1   Filed 09/23/15   Page 5 of 5